02-11-050-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00050-CR

 

 


 
 
 Morris Clay Mackey
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 371st
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant
Morris Clay Mackey entered open pleas of guilty to two counts of aggravated
sexual assault.  See Tex. Penal Code Ann. § 22.021 (West Supp. 2011). 
A jury found him guilty of each count pursuant to an instructed verdict and,
after a trial on punishment, assessed his punishment at twenty-seven years’ imprisonment
for each count.  The trial court sentenced him accordingly, ordering that the
sentences run consecutive to Mackey’s previously-entered sentence of twenty
years’ imprisonment for a different offense.

          Mackey’s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  Counsel’s brief and motion meet the
requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief.  This court afforded Mackey the opportunity
to file a brief on his own behalf, and he has done so.

As
the reviewing court, we must conduct an independent evaluation of the record to
determine whether counsel is correct in determining that the appeal is
frivolous.  See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.
1991); Mays v. State, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no
pet.).  Only then may we grant counsel’s motion to withdraw.  See Penson v.
Ohio, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We
have carefully reviewed the record, counsel’s brief, and Mackey’s pro-se brief. 
We agree with counsel that this appeal is wholly frivolous and without merit;
we find nothing in the record that arguably might support an appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). 
Accordingly, we grant counsel’s motion to withdraw and affirm the trial court’s
judgment.

 

 

PER CURIAM



PANEL: 
WALKER, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  April 5, 2012









[1]See Tex. R. App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct.
1396 (1967).